```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                     :
JOSE D. SEQUEIRA CASTILLO
                                     :
    v.                               :   Civil Action No. DKC 14-1992
                                     :
D&P PROFESSIONAL SERVICES, INC.,
et al.                               :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") and Maryland Wage and Hour Law ("MWHL") case is Plaintiff's motion for attorney's fees and costs. A default judgment was previously entered against Defendants for $46,080.64 on Plaintiff's claims. (ECF No. 16). Plaintiff has now filed a motion for attorney's fees and costs, seeking $7,835.50 in fees and costs of $707.32 for a total of $8,542.82.[1] Because the amounts sought are reasonable, the motion will be granted.

In any action under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The payment of attorneys' fees and costs to employees who prevail on FLSA claims is mandatory. "The amount of the attorney's fees,

---

[1] The factual background of this case is set forth in a prior memorandum opinion. (ECF No. 15, at 1-3).

however, is within the sound discretion of the trial court." *Burnley v. Short,* 730 F.2d 136, 141 (4th Cir. 1984).  The MWHL also allows for the recovery of attorneys' fees and costs.  *See* Md. Code Ann., Lab. & Empl. § 3-427 ("If a court determines that an employee is entitled to recovery in an action under this section, the court may allow against the employer reasonable counsel fees and other costs.").

Plaintiff seeks compensation for 27.5 hours, from the May 2014 initial consultation through preparation of the fee petition.  Tasks included preparation of a demand letter, attempts at settlement, drafting and filing of the complaint, completing service of process, preparing and filing the motions for entry of default and default judgment, and the preparation of the fee petition.  Interspersed with these tasks, counsel consulted with the Plaintiff.  Most of the time was expended by Michael Amster, who seeks $295 per hour, with minimal time spent by less experienced counsel and a paralegal.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  This approach is commonly known as the "lodestar" method.  *Grissom v. The*

*Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008).[2]  In deciding what constitutes a "reasonable" number of hours and a "reasonable" rate, numerous factors may prove pertinent, including:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs.*, 560 F.3d 235, 243–44 (4th Cir. 2009) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)).  "[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate."  *Id.* at 244 (quoting *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990)).  "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing

---

[2] Maryland courts also use the "lodestar" method when determining attorneys' fees under fee-shifting statutes. *See, e.g., Friolo v. Frankel*, 373 Md. 501, 504-05 (2003).

market rates in the relevant community for the type of work for which he seeks an award," including, for example, "affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Id.* at 244, 245 (internal quotation marks omitted). Counsel has not done that here, however, but the court does not deem it necessary in this case. Counsel has filed the necessary affidavits in other recent cases in which the same hourly rate was sought for similar legal work. *See, e.g., Reyes v. Clime*, No. PWG-14-01908, ECF No. 31-4. In addition, the rates comply with the guidelines set forth in the Local Rules. Local Rules App'x B. Accordingly, the hourly rates are deemed reasonable. The court also finds the number of hours to be reasonable and well-documented. (ECF No. 17-1). There is no reason to adjust the lodestar, and the entire fee request will be approved.

Plaintiff also seeks $707.32 for litigation costs. (ECF Nos. 17-2; 17-3, at 3). Plaintiff submitted an affidavit detailing the litigation costs incurred, which are: $250 for three process services, a $400 filing fee, a $50 fee assessed by the Maryland Department of Assessments and Taxation for service of process, and $7.32 in postage. (ECF No. 17-3, at 3).

> [T]he Fourth Circuit has held that district courts have discretion to determine the

4

> costs that will be assessed against losing defendants in FLSA cases. *Roy v. Cnty. Of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998). . . . [C]osts charged to losing defendants may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Types of costs charged to losing defendants include "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010 WL 3385362, at *7 (D.Md. Aug. 25, 2010).

*Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 644 (D.Md. 2012). Here, the costs requested by Plaintiff are reasonable, necessary, and are detailed with sufficient specificity in the affidavit attached to Plaintiff's motion. (ECF No. 17-3, at 3). Accordingly, Plaintiff has met his "burden of providing sufficient detail . . . to explain and support [his] requests for fees and costs," *see Andrade*, 852 F.Supp.2d at 645 (citing *Spencer v. General Elec. Co.*, 706 F.Supp. 1234, 1244 (E.D.Va. 1989)), and the requested costs will be awarded in full.

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs will be granted. Judgment will be entered in favor of Plaintiff and against Defendants for the amount of $8,542.82. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge